McKinney, J.
delivered the opinion of the court.
The complainants, as executors of Daniel Cherry, deceased, recovered judgment against the defendant, William R. B. Clements, in the circuit court of Haywood, for upwards of six hundred dollars; and said Clements being insolvent, this bill is brought to subject the separate estate of his wife, the defendant, Sally A. Clements, to the satisfaction of said judgment.
The bill alleges that said judgment was founded upon four bills single, executed jointly by said Clements and wife to said Daniel Cherry in his life time, copies of which are exhibited and made part of this bill. It is further alleged, that the consideration of each of said bills single was necessaries, namely, goods, wares, merchandize, and groceries, furnished to said Sally A. Clements, at her request, and solely upon the credit of her estate and property; that she signed said bills single freely and voluntarily, for permanent evidence thereof, and of her *553 undertaking to pay the amount thereof out of said estate; that said William was all the time in insolvent circumstances, and the said goods were sold, and so understood by all, upon the credit of said estate and the undertaking of said Sally.
The bills single referred to as evidence of the undertaking of said Sally to pay the amount thereof out of her separate estate, do not even by implication import any such undertaking. They severally contain a joint and several promise to pay, not the separate account of the wife, but the “joint account” of husband and wife. But there is no reference whatever to the separate estate of the wife, nor any evidence of an intention, much less of an agreement, that the wife’s estate should be charged with the payment thereof. The promise to pay is in the ordinary form, without any indication as to the fund out of which payment ’ is to be made.
It appears from a copy of a deed, made and exhibited in the bill, that on the 20th day of September, 1833, Ann C. Green, (the mother of the defendant, Sally A. Clements,) a resident of Mecklenburg county, Yirginia, conveyed to James D. Green» certain slaves therein named, as trustee for said Sally A. Clements and her children. The deed stipulates that said trustee shall hold the absolute title to said slaves; “but the use, enjoyment and benefit to be derived from said slaves and their future increase, to be exclusively enjoyed and used by the said Sally Archer Clements during her life, free from the control of her husband, and all other persons whatsoever, in the same manner as if she was a feme sole and unmarried. And at the death of the said Sally Archer Clements,,that then the said slaves, and the future increase of the females, to be equally divided between such children as the said *554 Sally Archer Clements may have living at the time of her death,” &c.
The said Clements and wife, and the trustee James L. Green, are made defendants to t,l?.e bill. The bill prays to have satisfaction of said judgment by a sale of part of said slaves, or out of the proceeds of their hire; and it likewise seeks to have a decree against said trustee, personally, on account of the control assumed by him over said slaves.
The bill was taken pro confesso as against the defendants Clements and wife. The trustee, Green, answered; and in his answer he denies that the goods which are alleged to have formed the consideration of said bills single, were furnished alone upon the request of said Sally A. Clements. He also denies that the credit given by said Daniel Cherry for said goods was solely upon the estate of said Sally. There is no testimony in support of the allegations, of the bill thus denied in the answer of the trustee.
The chancellor dismissed the bill, and the complainants have prosecuted an appeal to this court.
We think the decree of the chancellor is unquestionably correct, upon several grounds. First, the material allega-gations constituting the ground of equitable relief set forth in the bill, are denied in the answer of the trustee, and are unsupported by proof. It is true the bill has been taken for confessed as against the defendants, Clements and wife; but that does not, under the circumstances of the case, dispense with the necessity of proof. The trustee, in whom the legal title to the property and fund sought to be subjected is vested, and whose imperative duty it is to protect it and prevent its appropriation to any other uses or purposes than those declared in the *555 settlement, expressly denies the matter of equity alleged in the bill. The denial is responsive to an interrogatory in the bill, and is therefore evidence, and puts the complainants to the’necessity of proving their case. In the case of Hennessee vs. Ford and others, 8 Hum. 599, the rule is laid down, “that when a joint defendant answers a bill, and by proof removes the matter of equity set up against himself and the other defendants, who do not answer, there can be no decree against the defendants so failing to answer. The rule is precisely the same where a joint defendant, by a deniaLin his answer responsive to the bill, removes the matter of equity set up against him and the other defendants.
Second: But if the allegations of the bill were even taken as confessed, no decree could be made against the estate of Mrs. Clements. In the case of Litton vs. Baldwin, 8 Hum. 209, it is held, that to charge the separate estate of a married woman with her Contracts or engagements, there must be proof of an express agreement to create such charge; it cannot be made liable by implication. This principle has been repeatedly recognized, and is the settled law in this State. In the present case the bill does not distinctly allege any such express agreement on the part of the defendant, Sally A. Clements. That such may have been the understanding and implied agreement of the parties, may be true, from the allegations in th^ bill; but the separate estate of the wife cannot be charged upon an implied agreement.
It should be observed, however, that the bil|s single referred to in the bill, and relied upon therein as evidence of Mrs. Clements undertaking to charge her separate estate, tend very strongly to disprove the allegations of the bill.
*556 We have looked into the case in 4 Dess. Eq, R. 19. In that case, the husband purchased a cotton gin for the use of the plantation, the property of his wife, and gave his own individual note for the price thereof. The husband being sued on said note, and having availed himself of the benefit of the insolvent debtor’s oath, a petition was filed in the circuit court of Camden, to obtain satisfaction of said note out of the trust estate of the wife; and the court held, that as the gin was bought for the trust estate, and belonged to it, and had not been paid for, it was but just that the complainant’s account should be satisfied out of the estate; and it was decreed accordingly. Of this case, we need only to say, that if it be the law in South Carolina, it- is wholly contrary to the rule established in this State.
Without noticing other questions presented upon the record, we are of opinion that upon the foregoing grounds the decree should be affirmed.